IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Joseph Ali Stevenson, ) | |
| ) | Civil Action No.: 0:16-cv-04006-MBS |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| John Skipper, ) | |
| ) | |
| Respondent.[1] ) | |
| ) | |

Petitioner Joseph Ali Stevenson ("Petitioner"), proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from custody and dismissal of state criminal charges. ECF No. 1. Petitioner is currently a pretrial detainee in the Anderson County Detention Center, in Anderson, South Carolina, who claims that he is being wrongfully held for state robbery and weapons charges that he did not commit. *Id*. at 8. Specifically, Petitioner alleges that the State has no evidence against him, and that the only evidence the State produced is a photograph of another man. *Id*. Petitioner asserts that the photograph is also being used against another suspect in another case. *Id*. Petitioner indicates that he is represented by counsel for the underlying state action, and he has had a preliminary hearing before a state court judge. *Id*. at 9.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial handling. On February 15, 2017, the Magistrate Judge issued a Report and Recommendation ("Report"), recommending Petitioner's petition for writ of habeas corpus be summarily dismissed. ECF No. 12. First, the

---

[1] Anderson County Sheriff Office was terminated from this action on January 10, 2017, per Proper Form Order. ECF No. 5.

1

Magistrate Judge submits, Petitioner's attempt to dismiss his state indictment or prevent prosecution is not an available remedy under federal habeas corpus. *Id*. at 3 (citing *Dickerson v. State of Louisiana*, 816 F.2d 220, 226 (5th Cir. 1987)). Next, the Magistrate Judge recommends the court abstain from interfering with Petitioner's state court proceeding pursuant to *Younger v. Harris*, 401 U.S. 37 (1971).

Petitioner filed objections to the Report on March 1, 2017, requesting that the Magistrate Judge reconsider her ruling and take into account his attached "amended evidence and statutory evidence." ECF No. 15 at 1. Petitioner attached, as an exhibit, a photograph that he indicates is a photograph of himself. ECF No. 15-1 at 1. Petitioner then attached a photograph of someone that he claims is not him. ECF No. 15-1 at 2. Petitioner claims that the latter photograph is evidence erroneously presented in the state prosecution against him. Petitioner argues that this new evidence supports his claim that the State lacks the evidence needed to convict him of his state criminal charges. *Id*.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I. ANALYSIS

Federal courts should not interfere with state court proceedings absent extraordinary circumstances. *Younger*, 401 U.S. at 43. The Fourth Circuit has provided the following three-part

test for courts to consider when determining if abstention pursuant to *Younger* is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin v. Marietta Corp. v. Maryland Conm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994)(citing *Middlesex Cty. Ethics Comm'm v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Courts may disregard *Younger*'s mandate only where: "(1) 'there is a showing of bad faith or harassment by state officials responsible for the prosecution'; (2) 'the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions'; or (3) 'other extraordinary circumstances' exist that present a threat of immediate and irreparable injury." *Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006)(citing *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)).

As the Magistrate Judge notes, the first and second prongs of the *Younger* abstention three-part test are met in this action. Petitioner's criminal case in Anderson County is an ongoing state judicial proceeding that implicates important state interests. States have a powerful interest in administering their criminal systems free from federal interference. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). "The accused should first set up and rely on his defense in state courts, even though this involves a challenge of the validity of some statute, unless it plainly appears that this court would not afford adequate protection." *Nivens v. Gilchrist*, 319 F.3d 151, 154 (4th Cir. 2003)(citing *Younger*, 401 U.S. at 44). Further, abstention under *Younger* "is founded on the premise that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler,* 421 U.S. at 124. Therefore, the third prong of the three-part test is also met because Petitioner can pursue his federal claims in state court.

Petitioner fails to show that there is bad faith, harassment, state law that is flagrantly violative, or other extraordinary circumstances that present a threat of immediate and irreparable harm. As a result, Petitioner is precluded from seeking habeas relief from his state court claims, at this time.

## II.  CONCLUSION

The court adopts the Report and Recommendation of the Magistrate Judge. The petition for writ of habeas corpus is hereby; **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

April 13, 2017